POWERS, KIRN & ASSOCIATES, LLC
By: Jill Manuel-Coughlin, Esquire
ID# 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant/ 17-1430

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE:<br>Jaclyn Rhoads, aka Jacklyn Dispensa<br><br>Debtor | Chapter 13 Proceeding<br><br>18-10840 ELF |
|---|---|
| WELLS FARGO BANK, N.A.<br><br>Movant<br><br>v.<br><br>Jaclyn Rhoads, aka Jacklyn Dispensa<br><br>William C. Miller, Esquire<br><br>Respondents | |

### STIPULATION IN SETTLEMENT OF
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Jill Manuel-Coughlin, Esquire on behalf of secured creditor, WELLS FARGO BANK, N.A. ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 411 Barnsboro Road, Sewell, NJ 08080, mortgage account ending with 2968.

3. Upon approval by the United States Bankruptcy Court of the within Stipulation, Debtor and Movant, agree to the following:

    (a) Parties acknowledge that the current regular post-petition payment is **$3,175.35**.

    (b) Parties acknowledge that the following amounts are currently due post-petition:

    | Monthly Payments: 3/15/2018 – 7/15/2018 @ $3,175.35 | $15,876.75 |
    |---|---|
    | Less Debtor Suspense: | ($8.83) |
    | **Total Post-Petition Arrearage:** | **$15,867.92** |

    (c) Commencing with the AUGUST 15, 2018 payment the Debtor shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note & Mortgage.

    (d) On or before 8/15/2018, Debtor shall make a down-payment to Movant in the amount of **$9,000.00**. This payment shall be applied to the post-petition arrears as shown in paragraph 3 (b) above and must be in the form of certified funds.

(e) Beginning **AUGUST 2018** and continuing monthly through **JANUARY 2019**; in addition to the regular monthly post-petition payment; Debtor shall pay to Movant the additional sum of **$1,144.66** per month (parties agree that the remaining $.04 from the final stip payment will be placed in debtor suspense to credit the overage). Additional "stip payments" shall be due on the last day of each month. These additional payments shall be applied towards the arrears shown in paragraph 3(b) above.

(f) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(g) All post-petition payments from Debtor to Movant shall be sent to Wells Fargo Bank N.A. Attention: Bankruptcy Payment Processing/MAC #X2302-04C, One Home Campus, Des Moines, IA 50328.

(h) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law. Also, all allowable fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(i) The Debtor shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, or if the case should be Dismissed, or convert to a Chapter 7 Bankruptcy, Movant may provide the Debtor and their counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant Prospective In-Rem Relief from the automatic stay without further notice and hearing and waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the In-Rem Relief Order is immediately effective and enforceable and *no further Bankruptcy filings by Debtor or any party claiming an interest in the Property shall place an Automatic Stay on the mortgaged property for a period of one (1) year from the entry of the order approving this Stipulation pursuant to 11 U.S.C. §362(d)(4).*

(j) In the event of Dismissal of this case for any reason, the Debtor shall be prohibited from re-filing a Bankruptcy petition under any Chapter of the Code for a period of 180 Days.

(k) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

/s/ Erik B. Jensen, Esquire
Erik B. Jensen, Esquire    Akeem Parsons
Attorney for Debtor        Akeem Parsons
Date: 7/25/2018

Jill Manuel-Coughlin, Esquire
Attorney for Movant
Date: 7/25/2018

William C. Miller, Esquire    NO OBJECTION
Trustee                       *without prejudice to any
Date: 8/14/18                 trustee rights or remedies.

**O R D E R**

On this 16th day of _____August_____, 2018, approved by the Court.

_____
United States Bankruptcy Judge
Eric L. Frank